IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| Warren Johnson, Robert Pannell, Kimberly Scott-Murray, Annette Smith, and Sherry Young,<br><br>        Plaintiffs,<br><br>v.<br><br>Advocate Health and Hospitals Corporation, d/b/a Advocate Christ Medical Center,<br><br>        Defendant. | Case No.<br>Jury Trial Demanded |

## COMPLAINT

NOW COME THE PLAINTIFFS WARREN JOHNSON, ROBERT PANNELL, KIMBERLY SCOTT-MURRAY, ANNETTE SMITH, and SHERRY YOUNG by and through their attorneys THE LAW OFFICE OF JEFFREY FRIEDMAN, P.C. for their Complaint against ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE CHRIST MEDICAL CENTER, and seek redress for the racial discrimination suffered by all of the Plaintiffs in violation of the laws of the United States, and in support thereof allege upon information and belief as follows:

    1.    Jurisdiction of this court is invoked and authorized pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*, as amended in the Civil Rights Act of 1991, (referred to herein as "Title VII"), and §1981 of the 1871 Civil Rights Act, 42 U.S.C. §1981 (referred to herein as "§ 1981").

    2.    Venue is proper in the Northern District of Illinois because the actions complained of occurred at Advocate Health and Hospitals Corporation, d/b/a Advocate Christ

1

Medical Center (hereinafter "ADVOCATE"), located at 4440 West 95th Street, Oak Lawn, Illinois 60453.

3. Plaintiffs each have filed a timely "Charge of Discrimination" with the Equal Employment Opportunity Commission (referred to herein as the "EEOC"), and have received their respective right to sue letters.

4. Pursuant to Rule 38 of the Federal Rules of Civil Procedure the Plaintiffs hereby demand a trial by jury.

5. Plaintiff Warren Johnson ("JOHNSON") is a 30 year old African American resident of Evergreen Park, Illinois within this District.

6. JOHNSON began his employment at ADVOCATE on or about September 23, 2013 as an environmental technician, earning $10.25/hour. His employment was terminated on July 10, 2014. At all times during his employment with ADVOCATE, JOHNSON met all reasonable expectations of his job.

7. Plaintiff Robert Pannell ("PANNELL") is a 46 year old African American resident of Dolton, Illinois, within this District.

8. PANNELL has been employed with ADVOCATE since July 1996 as an environmental technician. PANNELL is currently employed by ADVOCATE and currently earns $14.44/hour. At all times during his employment with ADVOCATE, PANNELL met all reasonable expectations of his job.

9. Plaintiff Kimberly Scott-Murray ("SCOTT-MURRAY") is a 47 year old African American resident of Calumet City, Illinois, within this District.

10. SCOTT-MURRAY began her employment at ADVOCATE on or about January 6, 2003 as an environmental technician, earning $14.55/hour. Her employment was terminated

on September 3, 2014. At all times during her employment with ADVOCATE, SCOTT-MURRAY met all reasonable expectations of her job.

11. Plaintiff Annette Smith ("SMITH") is a 61 year old African American resident of Evergreen Park, Illinois.

12. SMITH began her employment at ADVOCATE on or about September 14, 2009 as an environmental technician, earning $11.52/hour. Her employment was terminated on May 9, 2014. At all times during her employment with ADVOCATE, SMITH met all reasonable expectations of her job.

13. Plaintiff Sherry Young ("YOUNG") is a 51 year old African American resident of Chicago, Illinois, within this District.

14. YOUNG began her employment at ADVOCATE on or about February 19, 1997 as an environmental technician, earning $14.54/hour. YOUNG is currently employed by ADVOCATE. At all times during her employment with ADVOCATE, YOUNG met all reasonable expectations of her job.

15. As African Americans, all Plaintiffs are members of a protected class under Title VII.

16. Defendant ADVOCATE is part of Advocate Health Care, which is one of the nation's leading health care networks.

17. ADVOCATE employs more health care professionals than any other institution in the Chicago metropolitan area.

18. ADVOCATE identifies itself as an Equal Opportunity Employer.

19. ADVOCATE is an "employer" in the State of Illinois, within the meaning of Title VII.

20. At all relevant times hereto as employees of ADVOCATE, Plaintiffs were under the management, supervision and control of ADVOCATE, and their employees and agents, who possessed authority over them with regard to employment matters.

21. Commencing in or about September 2012, ADVOCATE reorganized the management and operation of its environmental services department.

22. Commencing in or about September 2012, Plaintiffs began to experience numerous acts of racial discrimination. These acts of racial discrimination were indicia of the pervasive pattern of racial discrimination that began to occur at ADVOCATE.

23. Commencing in or about September 2012, each of the Plaintiffs experienced the acts of racial discrimination, including :

    A. Being denied promotions, while similarly situated employees of ADVOCATE who were not African American were granted promotions.

    B. Being denied raises, while similarly situated employees of ADVOCATE who were not African Americans received raises.

    C. being denied permission to take vacations and work absences, while similarly situated employees of ADVOCATE who were not African Americans were allowed to take vacations and work absences.

    D. Being monitored, scrutinized and micro-managed while performing job functions and while on breaks, in a manner that was not applied to similarly situated employees of ADVOCATE who were not African Americans.

    E. Being assigned less desirable and more strenuous work duties, including being assigned to the seventh floor (trauma), eighth flood (telemetry), ninth floor (cardiac), and the emergency room which entail greater work duties and require

        greater effort, than similarly situated employees of ADVOCATE who were not African Americans.

F. Being assigned less desirable work shifts and positions, than similarly situated employees of ADVOCATE who were not African American.

G. Being subjected to highly offensive and derogatory racial comments, including without limitation that African Americans were inferior employees to the ADVOCATE employees who were of Polish (Caucasian) background, and that African America cleaned like monkeys, which comments were directed to them and/or within earshot, as made by ADVOCATE, by and through their employees and agents.

H. Plaintiff JOHNSON was terminated on July 10, 2014 on grounds and for reasons that were not applied to ADVOCATE employees who were not African American.

I. Plaintiff SCOTT-MURRAY was terminated on September 3, 2014 on grounds and for reasons that were not applied to ADVOCATE employees who were not African American.

J. Plaintiff SMITH was terminated on May 9, 2014 on grounds and for reasons that were not applied to ADVOCATE employees who were not African American.

24. Commencing in or about September 2012, Plaintiffs raised complaints about the racial discrimination which they experienced, however, such complaints were ignored, no remedial action was taken, and they experienced retaliation in response to their complaints.

## COUNT I

*TITLE VII RACIALLY HOSTILE WORK ENVIRONMENT AT ADVOCATE*

25. Plaintiffs repeat and re-allege Paragraphs 1 through 24, as if fully stated herein.

26. Title VII provides that it is an unlawful employment practice for an employer to discriminate against an individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such an individual's race. 42 U.S.C. 2000e-2(a)(1).

27. Title VII prohibits race based language and other conduct that creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance.

28. ADVOCATE, by and through its agents, engaged in racially discriminatory conduct and action that created a hostile work environment for the Plaintiffs and African Americans in general.

29. By engaging in a pattern of racial discrimination towards the Plaintiffs and other African Americans, ADVOCATE demonstrated that it condoned, fostered, promoted and did not discourage or prohibit racial discrimination towards the Plaintiffs and African Americans in general.

30. The violation of the Plaintiffs' civil rights by ADVOCATE has caused the Plaintiffs to suffer damages.

WHEREFORE, Plaintiffs respectfully request a judgment against Advocate as follows:

    A. Compensatory damages for the humiliation, emotional stress, pain and suffering and physical distress caused as a direct and proximate result of ADVOCATE's actions that created a hostile work environment to the Plaintiffs;

      B.      Compensatory damages for back pay, front pay, economic and employee benefits and interest thereon

      C.      Punitive Damages;

      D.      Reasonable attorney's fees and costs; and

      E.      Such further relief as is equitable and just.

## COUNT II

### *RACIAL DISCRIMINATION IN VIOLATION OF § 1981 AT ADVOCATE*

31.    Plaintiffs repeat and re-allege Paragraphs 1 through 24, as if fully stated herein.

32.    Section 1981, as amended, of the Civil Rights Act of 1991 prohibits intentional discrimination on the basis of race in employment, including the terms and conditions of employment as well as hiring and firing decisions. 42 U.S.C. § 1981.

33.    ADVOCATE has perpetrated various acts of racial discrimination including using racially motivated derogatory language and creating a work environment that was hostile to the Plaintiffs and African Americans in violation of §1981.

34.    The violation of the Plaintiffs' civil rights by ADVOCATE has caused the Plaintiffs to suffer damages

WHEREFORE, Plaintiffs respectfully request a judgment against ADVOCATE as follows:

      A.      Compensatory damages for the humiliation, emotional stress, pain and suffering and physical distress caused as a direct and proximate result of Advocate's racial discrimination;

      B.      Compensatory damages for back pay, front pay, economic and employee benefits and interest thereon

      C.      Punitive Damages;

      D.      Reasonable attorney's fees and costs; and

      E.      Such further relief as is equitable and just.

## COUNT III

### *TITLE VII RACE DISCRIMINATION: WRONGFUL TERMINATION as to JOHNSON, SCOTT-MURRAY, and SMITH*

35.    Plaintiffs repeat and re-allege Paragraphs 1 through 24 as if fully stated herein

36.    Plaintiffs JOHNSON, SCOTT-MURRAY and SMITH were subjected to disparate treatment based upon their race, and their employment with ADVOCATE was terminated by ADVOCATE because of their race, on grounds and terms that were not applied to non-African American employees of ADVOCATE.

37.    Each terminated Plaintiff has suffered economic and other damages as a result of being terminated from their positions as environmental technicians with ADVOCATE.

WHEREFORE, Plaintiffs respectfully request a judgment against Advocate as follows:

      A.      Compensatory damages for back pay, front pay, economic and employee benefits and interest thereon;

      B.      Compensatory damages for the humiliation, emotional stress, pain and suffering and physical distress caused as a direct and proximate result of ADVOCATE's wrongful terminations of these aforementioned Plaintiffs;

      C.      Punitive Damages;

      D.      Reasonable attorney's fees and costs; and

      E.      Such further relief as is equitable and just.

The foregoing Complaint is true and accurate to the best of my knowledge.

_____

Print Name _WARREN JOHNSON_

The foregoing Complaint is true and accurate to the best of my knowledge.

_____

Print Name _Robert Pannell_

The foregoing Complaint is true and accurate to the best of my knowledge.

*Kimley scott murray*

Print Name: Kimberly Scott-Murray

The foregoing Complaint is true and accurate to the best of my knowledge.

_____

Print Name  Annette Smith

The foregoing Complaint is true and accurate to the best of my knowledge.

x _/s/ Sherry Young_

Print Name  Sherry Young

                                      Respectfully Submitted,


                                      s/Jeffrey Friedman

LAW OFFICE OF JEFFREY FRIEDMAN, P.C.
Attorney for Plaintiffs
120 S. State Street, Suite 400
Chicago, Illinois 60603
(312) 357-1431